**PHILIP MORRIS USA, INC.,**
Plaintiff—Appellant,

v.

**CITY AND COUNTY OF SAN FRANCISCO; et al., Defendants—Appellees.**

No. 08–17649.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 12, 2009.

Filed Sept. 9, 2009.

Daniel Paul Collins, Gregory Paul Stone, Esquire, Mark Remy Yohalem, Esquire, Munger, Tolles & Olson LLP, Los Angeles, CA, Hojoon Hwang, Esquire, Jason Rantanen, Munger Tolles & Olson, LLP, San Francisco, CA, for Plaintiff–Appellant.

Vince Chhabria, Esquire, Office of The City Attorney, San Francisco, CA, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, HUG and REINHARDT, Circuit Judges.

### MEMORANDUM*

■ Plaintiff's advertising is protected expressive activity. *E.g., 44 Liquormart, Inc. v. Rhode Island,* 517 U.S. 484, 508–12, 116 S.Ct. 1495, 134 L.Ed.2d 711 (1996) (plurality opinion). Selling cigarettes isn't, because it doesn't involve conduct with a "significant expressive element." *Arcara v. Cloud Books, Inc.,* 478 U.S. 697, 701–02, 706, 106 S.Ct. 3172, 92 L.Ed.2d 568 (1986); *cf. Lorillard Tobacco Co. v. Reilly,* 533 U.S. 525, 550, 121 S.Ct. 2404, 150 L.Ed.2d 532 (2001). It doesn't even have "an expressive component."

*Talk of the Town v. Dep't of Fin. & Bus. Servs.,* 343 F.3d 1063, 1069 (9th Cir.2003).

■ San Francisco Ordinance 194–08 limits where cigarettes may be sold; it doesn't prevent plaintiff from advertising. Even assuming it incidentally restricts plaintiff's advertising in a way that wouldn't be permissible as a direct regulation of advertising, that's not enough. "[E]very civil and criminal [regulation] imposes some conceivable burden on First Amendment protected activities." *Arcara,* 478 U.S. at 706, 106 S.Ct. 3172.

Neither does the ordinance have "the inevitable effect of singling out those engaged in expressive activity." *Id.* at 704, 707, 106 S.Ct. 3172. Of the three groups "singled out" by the ordinance—pharmacies, smokers and cigarette companies—only the cigarette companies are even arguably engaged in expressive activity.

■ And even if the ordinance did have the inevitable effect of singling out expressive activity, "a differential burden ... is insufficient by itself to raise First Amendment concerns." *Leathers v. Medlock,* 499 U.S. 439, 452, 111 S.Ct. 1438, 113 L.Ed.2d 494 (1991). The burden must be "directed at, or present[ ] the danger of suppressing, particular ideas." *Id.* at 453, 111 S.Ct. 1438. No such danger is present here. The censorial motive plaintiff attributes to defendants is always present when the government restricts sales of a product. That can't be sufficient. *Cf. 44 Liquormart,* 517 U.S. at 508–12, 116 S.Ct. 1495; *Lorillard,* 533 U.S. at 550, 121 S.Ct. 2404.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.